1  **ROSS & MORRISON**
   Gary B. Ross (SBN 121691)
2  ross@rossandmorrison.com
   Andrew D. Morrison (SBN 144216)
3  morrison@rossandmorrison.com
   315 S. Beverly Drive, Suite 410
4  Beverly Hills, CA 90212
   Ph.: 310.285.0391; Fax: 310.285.6083
5
6  Attorneys for Plaintiff

7

8                  UNITED STATES DISTRICT COURT

9                 CENTRAL DISTRICT OF CALIFORNIA

10 VALERIE LEWIS,                  )  CASE NO. CV-12-4269 GHK(AJWx)
                                   )
11              Plaintiff,         )  PLAINTIFF'S MEMORANDUM OF
        v.                         )  POINTS AND AUTHORITIES IN
12                                 )  OPPOSITION TO DEFENDANT'S
   CITY NATIONAL CORPORATION et    )  MOTION TO COMPEL ARBITRATION
13 al.,                            )  AND TO DISMISS
                                   )
14              Defendants.        )  DATE:  September 10, 2012
                                   )  TIME:  9:30 a.m.
15                                 )  CTRM:  650
   _____)  JUDGE: Hon. George H. King
16

17

18

19

20

21

22

23

24

25

26

27

28

# Table of Contents

1.   Introduction and Summary... . . . . . . . . . . . . . 1

2.   Facts.. . . . . . . . . . . . . . . . . . . . . . . . 1

     a.   Allegations of the complaint.. . . . . . . . . 1

     b.   Summary of claims... . . . . . . . . . . . . . 1

3.   Argument: Defendant's Motion should be denied. ... . 2

     a.   Defendant's Motion to Compel Arbitration should
          be denied... . . . . . . . . . . . . . . . . . 3

          (1)   The pre-dispute arbitration agreement is not
                "valid or enforceable" under the 2010 Dodd-
                Frank/SOX amendments... . . . . . . . . . 3

                (a)   Plain language.. . . . . . . . . . . 4

                (b)   Procedural remedy... . . . . . . . . 6

     b.   Defendant's Motion to Dismiss should be denied.. 8

4.   Conclusion. . . . . . . . . . . . . . . . . . . . . 10

PLTF'S PS & AS IN OPP. TO MTN TO COMPEL ARB. AND TO DISMISS
MEMO.wpd

1

<u>Table of Authorities</u>

2

<u>Cases</u>

3

<u>Cox v. Ocean View Hotel Corp.</u>,
    533 F.3d 1114 (9th Cir. 2008) . . . . . . . . . . . . . . 2

4

<u>Desiderio v. Nat'l Ass'n of Sec. Dealers, Inc.</u>,
    191 F.3d 198 (2d Cir. 1999). . . . . . . . . . . . . . . 7

5

6

<u>Gilmer v. Interstate/Johnson Lane Corp.</u>,
    500 U.S. 20, 26 (1991). . . . . . . . . . . . . . . . . 7

7

<u>Henderson v. Masco Framing Corp.</u>,
    2011 U.S. Dist. LEXIS 80494 (D. Nev. 2011). . . . . . . 7-8

8

9

<u>Holmes v. Air Liquide USA LLC</u>,
    2012 U.S. Dist. LEXIS 10678 (S.D. Tex. 2012). . . . . .  2, 8

10

<u>Landgraf v. Usi Film Products</u>,
    511 U.S. 244 (1994). . . . . . . . . . . . . . . .  4-6, 8

11

12

<u>Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.</u>,
    473 U.S. 614 (1985). . . . . . . . . . . . . . . . . . 7

13

<u>Pezza v. Investors Capital Corp.</u>,
    767 F. Supp.2d 225 (D. Mass. 2011). . . . . . . . . . . 6-8

14

15

<u>Pitter v. Prudential Life Ins. Co. of Am.</u>,
    906 F. Supp. 130 (E.D.N.Y. 1995). . . . . . . . . . . . 7

16

<u>Rodriguez de Quijas v. Shearson/Am. Express, Inc.</u>,
    490 U.S. 477 (1989). . . . . . . . . . . . . . . . . . 7

17

18

<u>St. Paul Fire & Marine Ins. Co. v. Employers Reinsurance Corp.</u>,
    919 F. Supp. 133 (S.D.N.Y. 1996). . . . . . . . . . . . 7

19

20

<u>Statutes</u>

21

Dodd-Frank Wall Street Reform and Consumer Protection Act.
    P.L. 111-203. . . . . . . . . . . . . . . . . . . . .  passim

22

7 U.S.C. § 26(n) . . . . . . . . . . . . . . . . . . . . . 3

23

12 U.S.C. §5301. . . . . . . . . . . . . . . . . . . . . . 8

24

12 U.S.C. § 5567. . . . . . . . . . . . . . . . .  2-3, 8-9

25

15 USCS § 78u-6(h). . . . . . . . . . . . . . . . . . . . 9

26

18 U.S.C. § 1514A. . . . . . . . . . . . . . . . .  3-4, 9

27

28

1        <u>Memorandum of Points and Authorities</u>

2        1.   <u>Introduction and Summary</u>.  Defendant's motion seeks to

3   compel arbitration of plaintiff's first and third claims, and to

4   dismiss under 12(b)(6) plaintiff's second cause of action for

5   whistleblowing/Dodd Frank.  Defendant's motion fails, because:

6            (a)  The pre-dispute arbitration agreement is not valid

7   or enforceable under the Dodd-Frank Act amendments of 2010; and

8            (b)   The second cause of action is viable, because

9   defendant's conduct occurred after the effective date of the

10  relevant statute(s).

11       Accordingly, defendant's motion should be denied.

12       2.   <u>Facts</u>.

13           a.   <u>Allegations of the complaint</u>.  Plaintiff worked

14  for defendants as a Chief Compliance Officer for nearly six

15  years, performing her job in an exemplary manner.  Complaint,

16  ¶¶4-6.  During her employment, plaintiff encountered increasing

17  resistance and hostility from defendants to her reporting of

18  defendants' multiple violations; and faced a series of

19  increasingly retaliatory responses.  Complaint, ¶¶7-10.  On or

20  about May 19, 2011, after nearly six years of distinguished

21  service, plaintiff's employment was involuntarily terminated, in

22  retaliation for her whistleblowing regarding defendants'

23  improper conduct.  Complaint, ¶11.

24           b.  <u>Summary of claims</u>.  Plaintiff brings three claims

25  based on whistleblowing/retaliation, as follows:

26               (1)  First Cause of Action for Violation of the

27  Sarbanes-Oxley Act ("SOX").  Complaint, ¶¶14-18.

28  / / /

1

MEMO.wpd

1              (2)   Second Cause of Action for Violation of the

2    Dodd-Frank Act.  Complaint, ¶¶19-23.

3              (3)   Third Cause of Action for Wrongful

4    Termination in Violation of Public Policy.  Complaint, ¶¶24-26.

5       3.   <u>Argument: Defendant's Motion should be denied</u>.

6      Defendant's motion seeks to compel arbitration of

7    plaintiff's first and third claims, and to dismiss under

8    12(b)(6) plaintiff's second cause of action for

9    whistleblowing/Dodd Frank.[1]  Both arguments fail:

10   / / /

11

12         [1]   Defendant apparently does <u>not</u> seek to compel arbitration

13   of the second cause of action, and, to the contrary, expressly seeks this Court's substantive determination of

14   (fn. 1 - cont.) that claim.  Defendant's Brief, pp. 10-11.  This is a concession by defendant that the Dodd-

15   Frank claim is <u>not</u> subject to arbitration, as recognized by defendant in meet and confer, and as stated in

16   defendant's own authority.  See Ex. B to Harn decl., p. 2 ("As commentary in the Holmes case suggests,

17   arbitration of Ms. Lewis' specific Dodd Frank claim (12 U.S.C. § 5567) is not required"); see <u>Holmes v. Air</u>

18   <u>Liquide USA LLC</u>, 2012 U.S. Dist. LEXIS 10678, 12-13 (S.D.

19   Tex. 2012) ("The Court emphasizes that this is not a case in which the dispute arises under Dodd-Frank — it is

20   clear that any agreement requiring the arbitration of such a dispute would be invalid").  See generally, 12

21   U.S.C. § 5567(d)(2) ("Except as provided under paragraph (3), and notwithstanding any other provision of law, no

22   predispute arbitration agreement shall be valid or enforceable to the extent that it requires arbitration of

23   a dispute arising under this section.")

24   Moreover, even if the second claim were arguably covered by arbitration -- which defendant concedes it was not --

25   defendant has <u>waived</u> such argument by seeking

26   adjudication of that claim by this Court, rather than in arbitration.  <u>See</u>, <u>e.g.</u>, <u>Cox v. Ocean View Hotel Corp.</u>,

27   533 F.3d 1114, 1124 (9th Cir. 2008) (party's actions inconsistent with the right to arbitrate are a factor in

28   determining waiver).

MEMO.wpd
PLTF'S PS & AS IN OPP. TO MTN TO COMPEL ARB. AND TO DISMISS

a.  Defendant's Motion to Compel Arbitration should be denied.

(1)  The pre-dispute arbitration agreement is not "valid or enforceable" under the 2010 Dodd-Frank/SOX amendments. On July 15, 2010, Congress enacted the Dodd-Frank Wall Street Reform and Consumer Protection Act.  P.L. 111-203 ("Dodd-Frank" or the "Act").  In several sections, the Act established that certain predispute arbitration agreements are neither valid nor enforceable.  See, e.g., 18 U.S.C. § 1514A(e)(2) (enhancing scope of the Sarbanes-Oxley whistle-blower provisions) ("No predispute arbitration agreement shall be valid or enforceable, if the agreement requires arbitration of a dispute arising under this section.") and 18 U.S.C. § 1514A(e)(1) (providing that "The rights and remedies provided for in this section [which includes the right to a jury trial under 18 U.S.C. § 1514A(b)(2)(E)] may not be waived by any agreement, policy form, or condition of employment, including by a predispute arbitration agreement.")[2]

Here, defendant's proffered arbitration agreement purports require arbitration of "claims for violation of any federal, state or local law, ordinance, regulation or rule."  See Ex. A, p. 1, ¶2.1, to Kilroy decl. (attached to Deft's Moving Papers).

---

[2]  See also 7 U.S.C. § 26(n)(2) (adding new protections under the Commodity Exchange Act) ("No predispute arbitration agreement shall be valid or enforceable, if the agreement requires arbitration of a dispute arising under this section."); see also 12 U.S.C. § 5567(d)(2) ("Except as provided under paragraph (3), and notwithstanding any other provision of law, no predispute arbitration agreement shall be valid or enforceable to the extent that it requires arbitration of a dispute arising under this section.").

PLTF'S PS & AS IN OPP. TO MTN TO COMPEL ARB. AND TO DISMISS

MEMO.wpd

1   Thus, by its terms, the purported arbitration agreement is a

2   predispute arbitration agreement covered, <u>inter</u> <u>alia</u>, by 8

3   U.S.C. § 1514A(e)(1) and (2).

4       Defendant nevertheless argues that the predispute

5   arbitration agreement is valid and enforceable --

6   notwithstanding the Dodd-Frank amendments, above -- because the

7   2010 law purportedly does not apply to any predispute agreements

8   entered into prior to the law's enactment, because it is not

9   "retroactive."  Deft's Brief, pp. 9-10.  As set forth below,

10  this argument fails, and defendant's motion should be denied.

11                  (a)  <u>Plain language</u>.[3]  The Supreme Court's

12  seminal case on retroactivity is <u>Landgraf v. Usi Film Products</u>,

13  511 U.S. 244 (1994), which establishes a two-part approach to

14  determining if a new statute has an impermissible retroactive

15  effect.  The first task "is to determine whether Congress has

16  expressly prescribed the statute's proper reach."  <u>Id</u>. at 280.  If

17  Congress has done so there is no need to inquire further.  <u>Id</u>.

18      Here, the statutory language is unambiguous; it is plain,

19  clear and broad, e.g.:

20  ●    "**No** predispute arbitration agreement shall be valid or
         enforceable, if the agreement requires arbitration of
21       a dispute arising under this section."  See 18 U.S.C.
         § 1514A(e)(2) (emphasis added); and
22

23  ─────────────────────

24  [3]    Because of the recent enactment of Dodd-Frank, the issues
         presented on this motion are of first impression, and
25       that there is no known Ninth Circuit or Supreme Court
         cases addressing the specific legal issues here.
26       Plaintiff also recognizes that the position advocated in
         this section (a) is not supported by district court
27       decisions discussed below; which have found the language
         to be ambiguous.  Plaintiff respectfully disagrees with
28       that analysis for the reasons set forth herein.

─────────────────────
                                    4

1
2
3
4

- "The rights and remedies provided for in this section [which includes the right to a jury trial under 18 U.S.C. § 1514A(b)(2)(E)] may **not be waived** by **any** agreement, policy form, or condition of employment, including by a predispute arbitration agreement." 18 U.S.C. § 1514A(e)(1)(emphasis added).

5   Notably, this language broadly applies to <u>any and all</u>

6   "predispute arbitration agreement[s]", not limited by time.[4]

7   There is no expression of exemption for pre-existing agreements,

8   or limitation to future agreements only.  The plain language of

9   the statute shows that it intended to apply to <u>all</u> pre-dispute

10  arbitration agreements pertaining to the subject matters covered

11  -- not just future agreements.[5]

12      Defendant's argument -- that the Act intends to exempt all

13  preexisting agreements -- is contrary to these express terms,

14  and lacks any support in the text, legislative history or common

15  sense.  Thus, under <u>Landgraf</u>, <u>supra</u>, Congress' clear language

16  and intent should be respected, the 2005 predispute agreement at

17  issue here is subject to the express terms of the 2010 Act, and

18  defendant's motion should be denied.

19

20  [4]   Indeed, defendant conceded in meet and confer that the
21      plain language of the statute appeared to preclude
        arbitration of plaintiff's first claim.  Ex. B , p. 1 to
22      Harn decl. (attached to Deft's Moving Papers) ("As to Ms.
        Lewis' claim under 18 U.S.C. §1514A, I recognize that the
23      current language in subsection (e) of that code section
        would seem to bar enforcement of a pre-dispute agreement
24      to arbitrate such claims").

25  [5]   Of course, Congress was aware of existing predispute
        arbitration agreements when it enacted Dodd-Frank --
26      indeed, these were the <u>only</u> agreements before Congress
        when it enacted the law, and the <u>very</u> reason for such
27      restrictions were enacted!

28

PLTF'S PS & AS IN OPP. TO MTN TO COMPEL ARB. AND TO DISMISS

MEMO.wpd

1          (b)   Procedural remedy.   Even assuming,

2  arguendo, the express language of the Act was ambiguous as to

3  past predispute agreements (which it is not), "retroactive"

4  application is nevertheless appropriate under Landgraf, because

5  the Act -- which does no more than select the tribunal in which

6  plaintiff's claim will be heard and has no effect whatsoever on

7  defendant's substantive rights -- is procedural in nature and

8  therefore clearly covers pre-existing agreements.

9       Under Landgraf, where a statute effects a procedural,

10  rather than a substantive change, there is no bar to

11  retroactivity.  Landgraf, supra,  511 U.S. at 270, 274.

12  "Application of a new jurisdictional rule usually 'takes away no

13  substantive right but simply changes the tribunal that is to

14  hear the case.'"  Id. at 274.  Notably, Landgraf held that a

15  provision guaranteeing a jury right would be procedural, not

16  substantive, in nature.  Id. at 280.

17       Pezza v. Investors Capital Corp., 767 F. Supp.2d 225 (D.

18  Mass. 2011) applied the Landgraf test to the Dodd-Frank

19  amendment at issue here, and concluded, after extensive analysis

20  of the statutory scheme, that the requiring of a jury, rather

21  than arbitral forum, was procedural in nature, and thus was

22  applicable to agreements prior to the enactment of Dodd-Frank.

23  Pezza 767 F. Supp. 2d at 232-234.

24       Specifically, the Pezza court found that the Supreme Court

25  had previously (and on multiple occasions), held that

26  arbitration and court provide different procedural tribunals,

27  but there is no substantive difference:

28  / / /

PLTF'S PS & AS IN OPP. TO MTN TO COMPEL ARB. AND TO DISMISS

MEMO.wpd

1
2
3
"As the Supreme Court held, '[b]y agreeing to arbitrate a statutory claim, a party does not forgo the substantive rights afforded by the statute; it only submits to their resolution in an arbitral, rather than a judicial, forum.'"

4   Pezza v. Investors Capital Corp., 767 F. Supp. 2d 225,

5   233-234 (D. Mass. 2011) (citing Gilmer v. Interstate/Johnson

6   Lane Corp., 500 U.S. 20, 26 (1991); Mitsubishi Motors Corp. v.

7   Soler Chrysler-Plymouth, Inc., 473 U.S. 614, 628 (1985);

8   Rodriguez de Quijas v. Shearson/Am. Express, Inc., 490 U.S. 477,

9   486 (1989); Desiderio v. Nat'l Ass'n of Sec. Dealers, Inc., 191

10   F.3d 198, 205-06 (2d Cir. 1999); St. Paul Fire & Marine Ins. Co.

11   v. Employers Reinsurance Corp., 919 F. Supp. 133, 139 (S.D.N.Y.

12   1996); Pitter v. Prudential Life Ins. Co. of Am., 906 F. Supp.

13   130, 134 (E.D.N.Y. 1995)).

14   Here, as in Pezza, defendant has not made any showing of

15   any substantive prejudice in trying this case in court rather

16   than in arbitration.  Pezza, 767 F. Supp.2d at 234.[6]

17   In contrast, the two district court cases cited by

18   defendant on this issue have little, if any, persuasive value.

19   Henderson v. Masco Framing Corp., 2011 U.S. Dist. LEXIS 80494,

20   2011 WL 3022535 (D. Nev. 2011), involved a situation where

21   plaintiff sought to invoke arbitration, and defendant opposed

22   it, claiming the agreement was voided by Dodd-Frank.  The

23   Henderson court ruled for plaintiff; it considered Pezza and

24   rejected it, deciding without discussion or analysis that a

25   _____

26
27
28
[6]      Indeed, if anything, the arbitral forum is likely to be more costly to defendant and, given the additional time needed to initiate a claim, select a neutral, conduct full discovery, etc., likely more time consuming than remaining in court.

1    contractual agreement to litigate in arbitration was

2    "substantive" (while a statutory right to litigate in court is

3    not under Supreme Court precedent).  Likewise, Holmes v. Air

4    Liquide USA LLC, 2012 U.S. Dist. LEXIS 10678, 2012 WL 267194

5    (S.D. Tex. 2012) offers no persuasive analysis.  That case,

6    unlike the instant case, did not involve a SOX or Dodd-Frank

7    claim.  Holmes simply adopted Henderson's conclusion; and, like

8    Henderson, offered no explanation or analysis as to why or how

9    defendant having a court trial rather than an arbitration

10   constituted a substantive prejudice to defendant.

11       Accordingly, as set forth in Landgraf, and applied in

12   Pezza, the Dodd-Frank ban on arbitration has procedural, rather

13   than substantive effect, and there is no bar to applying the

14   statute according to its terms.  Thus, the purported predisputed

15   arbitration agreement at issue here is not valid or effective,

16   and defendant's motion to compel arbitration should be denied.

17           b.   Defendant's motion to dismiss should be denied.

18   Defendant contends plaintiff's Dodd-Frank retaliation claim

19   (second claim) is not viable, contending that the Dodd-Frank

20   effective date for Section 1057 of the Dodd-Frank Act (12 U.S.C.

21   § 5567) is July 21, 2011, which is after plaintiff's termination

22   date of May 19, 2012.  This argument fails.

23       First, under Section 4 of the Dodd-Frank Act, the general

24   effective date is July 22, 2010 (the day after enactment).  See

25   12 U.S.C. §5301 ("Except as otherwise specifically provided in

26   this Act or the amendments made by this Act, this Act and such

27   amendments shall take effect 1 day after the date of enactment

28   of this Act").  Specifically, this effective date applies to

8

1   claims under Section 922 -- both Section 922(c), amending

2   Sarbanes-Oxley claims (first cause of action, see 18 USC §

3   1514A); and Section 922(a), creating whistleblower claims under

4   15 USCS § 78u-6(h).  Specifically, 15 USCS § 78u-6(h)(1)(A)(iii)

5   provides: "No employer may discharge, demote, suspend, threaten,

6   harass, directly or indirectly, or in any other manner

7   discriminate against, a whistleblower in the terms and

8   conditions of employment because of any lawful act done by the

9   whistleblower. . . in making disclosures that are required or

10  protected under the Sarbanes-Oxley Act of 2002 (15 U.S.C. 7201

11  et seq.) . . . and any other law, rule, or regulation subject to

12  the jurisdiction of the Commission."  Thus, plaintiff's claim

13  under this section includes any conduct after July, 2010.[7]

14      Second, it appears that at least some of defendant's

15  retaliatory conduct post-dated plaintiff's termination,

16  including interfering with plaintiff's attempts to secure

17  subsequent employment.  Thus, even with respect to the Dodd-

18  Frank whistleblower provision with a July 21, 2011 effective

19  date (12 U.S.C. § 5567), plaintiff's claim is viable.[8]

20  _____

21  [7]   Plaintiff contends that the complaint should be broadly
        construed, and notes that defendant did not move for a
22      more definite statement, and therefore the motion to
        dismiss should be denied on that basis.  However,
23      plaintiff acknowledges that 15 USCS § 78u-6(h) was not
        cited as a specific statutory basis for her
24      retaliation/Dodd-Frank claims, and to the extent the
        Court deems it appropriate that this citation be express,
25      plaintiff respectfully requests leave to amend.

26  [8]   Again, to the extent plaintiff's complaint does not
        expressly allege post-termination conduct as part of
27      defendant's retaliation, plaintiff respectfully requests
        the opportunity to amend her complaint accordingly.
28
                                  9

1        Accordingly, plaintiff's retaliation claims under Dodd-

2    Frank are viable, and defendant's motion to dismiss the second

3    claim should be denied.

4        4.   <u>Conclusion</u>.  Based on the foregoing, plaintiff

5    respectfully requests that (1) defendant's motion to compel

6    arbitration be denied in its entirety, and (2) that defendant's

7    motion to dismiss the second cause of action be denied; or,

8    alternatively, that leave to amend be granted as to that claim..

9    August 20, 2012          ROSS & MORRISON

10

11              By: <u>/s/                           </u>

12                  Gary B. Ross
                    Andrew D. Morrison

13                  Attorneys for Plaintiff

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PLTF'S PS & AS IN OPP. TO MTN TO COMPEL ARB. AND TO DISMISS
MEMO.wpd